Exhibit A

**FILED**
Electronically
05-06-2013:04:49:21 PM
Joey Orduna Hastings
Clerk of the Court
Transaction # 3707661

$1425
John F. Murtha, Esq.
Nevada State Bar No. 835
Ellen Jean Winograd, Esq.
Nevada State Bar No. 815
Dane W. Anderson, Esq.
Nevada State Bar 6883
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, Nevada 89511
Tel: 775-688-3000

Attorneys for Angelique L. M. Clark,
Court-Appointed Receiver for
Alta Gold Mining Co.

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF
NEVADA IN AND FOR THE COUNTY OF WASHOE

ALTA GOLD MINING CO., by and through its Court-Appointed Receiver Angelique L. M. Clark,

vs.

AERO-NAUTICAL LEASING CORPORATION, a Delaware corporation; CENTURY CAPITAL PARTNERS, LLC, a Delaware corporation; MICHAEL ANTHONY, a Florida resident; BRADLEY SWAHN, a Florida resident, and DOES I through X, inclusive,

Defendants.

Case No.

Dept.

**EXEMPT FROM ARBITRATION**
**[Equitable Relief Sought]**

**COMPLAINT FOR DECLARATORY RELIEF/EQUITABLE RELIEF**

Plaintiff ALTA GOLD MINING CO., by and through its Court-Appointed Receiver Angelique L. M. Clark, and counsel of record, Woodburn and Wedge, complains, alleges, and avers against Defendants as follows:

1

## GENERAL ALLEGATIONS

1. Plaintiff, ALTA GOLD MINING CO. ("ALTA") is a Nevada corporation duly authorized to conduct business in the State of Nevada.

2. On May 18, 2011, Angelique L. M. Clark was appointed by the Court as Receiver for Plaintiff ALTA GOLD CO., Case No. 11-02488 and brings this action in that capacity.

3. Plaintiff is informed and believes that at all times relevant hereto, Defendant AERO-NAUTICAL LEASING CORPORATION was a Delaware corporation, transacting business within the State of Nevada.

4. Plaintiff is informed and believes that at all times relevant hereto, Defendant CENTURY CAPITAL PARTNERS, LLC was a Delaware corporation, transacting business within the State of Nevada.

5. Plaintiff is informed and believes that at all times relevant hereto, Defendant MICHAEL ANTHONY, was a Florida resident, transacting business within the State of Nevada.

6. Plaintiff is informed and believes that at all time relevant hereto, Defendant BRADLEY SWAHN, was a Florida resident, transacting business within the State of Nevada.

7. Plaintiff does not know the true names and/or capacities of the Defendants sued herein as DOES I through X, inclusive, and prays for leave when their true names and/or capacities are ascertained, Plaintiff, by and through its Court-Appointed Receiver Angelique L. M. Clark may be permitted to insert the same herein with the appropriate allegations, but upon information and belief, Plaintiff alleges that each of said Defendants, whether individuals, corporations or other entities, are legally

2

responsible for the events and happenings referred to herein and proximately caused damages to Plaintiff as alleged herein. The legal responsibility of said Defendants and DOES I through X arises out of, but is not limited to their status as owners, lessors, lessees, tenants, sub-tenants, agents, employees, contractors, invitees and/or product suppliers and/or services providers of and/or to Defendants, and/or its entrustment of or control of the premises at the time of the subject occurrence and/or its agency, master/servant or Joint Venture relationship with the named Defendants. Plaintiff will ask leave of this Honorable Court to amend this Complaint to insert the true names and capacities of said Defendants and, when the same have been ascertained, to join such Defendants in this action together with the proper charging allegations.

8. On or about November 25, 2005, Bradley Swahn ("Swahn") acquired 500 shares of Alta Gold Co.

9. On or about December 29, 2005, Swahn filed a Motion for Appointment as Custodian of Alta Gold Co.; Defendant Swahn was appointed Custodian on or about February 6, 2006.

10. On or about February 21, 2006, Swahn, acting in his capacity as Custodian, appointed Michael Anthony as the "sole board member, President, Secretary and Treasurer" of Alta Gold Co.

11. On or about February 21, 2006, Michael Anthony, acting as Alta Gold Co.'s sole director, authorized the issuance of approximately 25,304,492 shares of Common Stock to Century Capital Partners "to compensate Mr. Anthony and Century Capital Partners," purportedly in exchange for Mr. Anthony's services and in exchange for Century Capital Partners' services in locating and attracting a viable merger

partner. Certificate No. 22378 was issued to Century Capital Partners for 25,304,492 shares.

12. In 2008, the Alta Gold Co. became delinquent in its Nevada Secretary of State filings and its corporate status was revoked, suspended and/or canceled.

13. On or about August 31, 2012, Century Capital Partners entered into a "Stock Purchase Agreement" with Aero-Nautical Leasing Corporation wherein Century Capital Partners purportedly sold and Aero-Nautical Leasing purportedly purchased all of Century Capital Partners' Alta Gold Co. shares for total compensation of only $150,000.

14. Two prior lawsuits were before the Honorable Patrick Flanagan of this Court:

    A. *Golden Chain, Inc. v. Mitchell Fanning, et al.*, Case No. CV09-01904 (the "**Quite Title Action**"); and

    B. *Lake Mountain Mining v. Golden Chain, Inc, et al.*, Case No. CV10-01015 (the "**Lake Mountain Action**").

15. The Quiet Title Action and the Lake Mountain Action were consolidated into a single case.

16. A settlement was reached in the two above-referenced actions and Receiver Angelique L. M. Clark, Plaintiff herein, sought and obtained judicial approval of the settlement(s) on December 10, 2012. A copy of the Order of Approval is filed herewith as Exhibit 1.

17. Plaintiff ALTA, by and through its Court-Appointed Receiver Angelique L. M. Clark, has standing to bring this Declaratory Relief action challenging the issuance and transfers of certain ALTA stock by virtue of the actual and potential negative impact the referenced stock issuance and transfer have upon Plaintiff, by and through its Court-Appointed Receiver Angelique L. M. Clark.

18. Plaintiff, by and through its Court-Appointed Receiver Angelique L. M. Clark further has standing to request a judicial declaration.

19. A justiciable controversy has arisen as to the rights, duties and obligations of the parties and/or DOES 1 through X herein.

20. The interests of the parties and/or DOES 1 through X are adverse in that Plaintiff, by and through its Court-Appointed Receiver Angelique L. M. Clark believes that the issuance of certain ALTA stock to Century Capital Partners and its subsequent Stock Purchase Agreement with Aero-Nautical Leasing are void *ab initio* and/or voidable.

21. The Plaintiff, by and through its Court-Appointed Receiver Angelique L. M. Clark has legally protectable interests in the subject matter of the controversy.

22. All issues herein are ripe for judicial determination.

### FIRST CAUSE OF ACTION
### (DECLARATORY RELIEF)

23. Plaintiff, by and through its Court-Appointed Receiver Angelique L. M. Clark incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 22 of this Complaint.

24. Bradley Swahn and Michael Anthony illegally caused approximately 25,304,492 shares of ALTA stock to be issued to Century Capital Partners, as set forth in paragraph 11, above.

25. The initial issuance of the shares by Defendants and/or DOES I through X to Century Capital Partners, LLC was a sham transaction, not supported by good and adequate consideration.

26. Century Capital Partners purportedly sold the 25,304,492 shares to Aero-Nautical Leasing; this subsequent transfer of shares by Defendants and/or DOES I through X to Aero-Nautical Leasing Corporation was a sham transaction, not supported by good and adequate consideration.

5

27. The sham transactions were not discovered until after May 18, 2011 when Angelique L. M. Clark was appointed Receiver for Alta Gold Mining Co.

28. Plaintiff, by and through its Court-Appointed Receiver Angelique L. M. Clark seeks a Declaratory Judgment that issuance of the ALTA shares to Century Capital Partners and the subsequent transfer of shares to Aero-Nautical Leasing Corporation were void ab initio and/or voidable because the issuance of the stock violated Nevada law and consideration paid by Defendants and/or DOES I through X for the shares was illusory or inadequate.

29. Plaintiff, by and through its Court-Appointed Receiver Angelique L. M. Clark seeks a Declaratory Judgment that the transfer of shares to Century Capital Partners, LLC was void ab initio and/or voidable because the shares were issued in violation of Nevada law and the consideration paid for the shares was inadequate.

## SECOND CAUSE OF ACTION
### (RESCISSION)

30. Plaintiff, by and through its Court-Appointed Receiver Angelique L. M. Clark incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 29 of this Complaint.

31. Because of the breaches of Nevada law in connection with the issuance of the shares and the lack of and/or failure of consideration, Plaintiff, by and through its Court-Appointed Receiver Angelique L. M. Clark is entitled to rescission of all purported stock agreements and/or transfers by or to Defendants Aero-Nautical Leasing Corporation, Century Capital Partners, LLC, Michael Anthony, Bradley Swahn and DOES 1 through X.

WHEREFORE, Plaintiff, by and through its Court-Appointed Receiver Angelique L. M. Clark prays for Judgment against Defendants as follows:

1. That this action for Declaratory Relief be advanced on the trial calendar for early adjudication;

2. That the Court enter a Declaratory Judgment on the question of the parties' rights;

3. That the Court rescind the issuance of the ALTA stock to Century Capital Partners;

4. That the Court rescind the subsequent transfer to Aero-Nautical Leasing;

5. For costs of suit incurred herein; and

6. For such other further relief as the Court may deem proper in the circumstances.

## AFFIRMATION
## Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding document does not contain the Social Security number of any person.

DATED this 6th day of May, 2013.

WOODBURN AND WEDGE

/s/Ellen Jean Winograd
By: John F. Murtha, Esq.
    Ellen Jean Winograd, Esq.
    Dane W. Anderson, Esq.
    Attorneys for Angelique L. M. Clark, Court-Appointed Receiver for Alta Gold Mining Co.

7

Exhibit List

1. December 10, 2012 Order Granting Receiver's Motion for Court Approval of Receiver's Proposed Settlement of Pending Litigation

# Exhibit 1

# Exhibit 1

FILED
Electronically
12-10-2012:01:36:39 PM
Joey Orduna Hastings
Clerk of the Court
Transaction # 3396754

Code: 2745
John F. Murtha, Esq.
Nevada State Bar No. 835
Dane W. Anderson, Esq.
Nevada State Bar 6883
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, Nevada 89511

Attorneys for Angelique Clark,
Court-Appointed Receiver for
Alta Gold, Inc.

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF
NEVADA IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| MITCHELL W. FANNING, DANELL L. FANNING, JEFFREY T. JONES, AND JEREMY M. JONES, dba BABE MINES, and LAKE MOUNTAIN MINING, LLC, a Nevada limited liability company, <br><br> Petitioners <br><br> vs. <br><br> ALTA GOLD CO., a Nevada Corporation,[1] <br><br> Respondents. | Case No.: CV11-01488 <br> Dept. No.: 9 <br><br> **ORDER GRANTING RECEIVER'S MOTION FOR COURT APPROVAL OF RECEIVER'S PROPOSED SETTLEMENT OF PENDING LITIGATION** <br><br> Hearing Date: November 1, 2012 <br> Hearing Time: 9:00 a.m. |

This matter came before the Court on the 1st day of November, 2012, on the Receiver's Motion for Court Approval of Receiver's Proposed Settlement of Pending Litigation ("Motion") filed herein on September 27, 2012 (Transaction No. 3247589).

---

1. At the time of the Receiver's appointment, Alta Gold Co.'s charter had been revoked by the Nevada Secretary of State. When the Receiver attempted to reinstate Alta Gold Co.'s corporate charter, she discovered that a new Alta Gold Co. (unrelated to the entity that is the subject of this Receivership) had been formed. To complete the reinstatement, the Receiver needed to change the name of the corporation. The corporation was reinstated under the name "Alta Gold Mining Co." Hereinafter the old Alta Gold Co. and the new Alta Gold Mining Co. will simply be referred to as "Alta."

The following notices, documents, certificates and affidavits were filed in relation to the Motion:

- Notice of: 1. Hearing on Motion for Court Approval of Receiver's Proposed Settlement of Pending Litigation Involving Alta Gold; and 2. Time and Manner by Which Responses to the Motion Must be Filed and Served filed herein on September 27, 2012 (Transaction No. 3247537);

- Certificate of Service on Notice of: 1. Hearing on Motion for Court Approval of Receiver's Proposed Settlement of Pending Litigation Involving Alta Gold; and 2. Time and Manner by Which Responses to the Motion Must be Filed and Served filed herein on September 28, 2012 (Transaction No. 3248606);

- Certificate of Service filed herein on September 28, 2012 (Transaction No. 3249077);

- Notice of Document Received But Not Considered By The Court filed herein on October 17, 2012, re: Gordon Thiessen (Transaction No. 3287830);

- Notice of Document Received But Not Considered By The Court filed herein on October 17, 2012, re: Robert and Louise Clark (Transaction No. 3287850);

- Notice of Document Received But Not Considered By The Court filed herein on October 17, 2012, re: Beverly Gainer (Transaction No. 3287862);

- Notice of Document Received But Not Considered By The Court filed herein on October 19, 2012, re: Sorrentino Trust (Transaction No. 3294588);

- Special Appearance and Objection to Motion For Court Approval of Receiver's Proposed Settlement of Pending Litigation filed herein on October 19, 2012, on behalf of Alan Levin (Transaction No. 3295387) (the "Levin Objections");

- Supplement to Motion For Court Approval of Receiver's Proposed Settlement of Pending Litigation filed herein on October 23, 2012, on behalf of Angelique L.M. Clark  (Transaction No. 3299300) (the "Supplement");

- Reply in Support of Motion For Court Approval of Receiver's Proposed Settlement of Pending Litigation filed herein on October 24, 2012, on behalf of Angelique L.M. Clark (Transaction No. 3303682);

> ➢ Receiver's Report Regarding Motion For Court Approval of Receiver's Proposed Settlement of Pending Litigation filed herein on October 24, 2012, on behalf of Angelique L.M. Clark (Transaction No. 3304147);

> ➢ Notice of Document Received But Not Considered By The Court filed herein on October 24, 2012, re: Lawrence Allen (Transaction No. 3303819) (the "Allen Objections");

> ➢ Receiver's Supplemental Reply in Support of Motion For Court Approval of Receiver's Proposed Settlement of Pending Litigation filed herein on October 25, 2012, on behalf of Angelique L.M. Clark (Transaction No. 3307415);

> ➢ Affidavit of John F. Murtha, In Support of Receiver's Supplemental Reply in Support of Motion For Court Approval of Receiver's Proposed Settlement of Pending Litigation filed herein on October 25, 2012, on behalf of Angelique L.M. Clark (Transaction No. 3307419); and

> ➢ Certificate of Service on Notice of: 1. Hearing on Motion For Court Approval of Receiver's Proposed Settlement of Pending Litigation Involving Alta Gold; and 2. Time and Manner By Which Responses to the Motion Must be Filed and Served filed herein on October 30, 2012, on behalf of Angelique L.M. Clark (Transaction No. 3314569).

Hereinafter all of the above described documents will be generically referred to as the "Pleadings."

The following appearances were made at the hearing:

| | |
|---|---|
| John F. Murtha, Esq. | On behalf of the Receiver |
| Alex J. Flangas, Esq. | On behalf of Mitchell W. Fanning, Danell L. Fanning, Jeffrey T. Jones and Jeremy M. Jones, dba Babe Mines, and Lake Mountain, LLC |
| Stephen T. Cummings, Esq. (Telephonically) | On behalf of Golden Chain, Inc., Ward Enterprises, Inc. and Lawrence Allen |
| Courtney Miller O'Mara, Esq. | On behalf of Gerald Metals, LLC |
| Gregory A. Rossiter, Esq. | On behalf of Standard Chartered Bank and Credit Agricole Corporate and Investment Bank |
| John P. Desmond, Esq. | On behalf of Alan Levin |
| Lawrence Allen, in pro per | On behalf of himself |

It appears from the record, and Court finds, that sufficient notice of the hearing on the Motion has been given to potential creditors, shareholders of record and parties in interest under the circumstances of the case including, but not limited to, the fact Alta ceased all business operations more than a decade ago.

The Court has read all of the Pleadings and considered the arguments and presentations of counsel and Mr. Lawrence Allen made at the hearing. During the hearing Mr. John Desmond, Esq., on behalf of Alan Levin, advised the Court that the Levin Objections were withdrawn. After giving due consideration to the pleadings, the arguments and the presentations made in open Court, the Court entered certain findings on the record, which findings are incorporated herein as if fully set forth verbatim, including, but not limited to the findings that: (1) the Motion as supplemented by the Supplement is well founded; and (2) the settlement of the litigation proposed in the Motion and the Supplement, upon the general terms and conditions summarized in the Motion and the Supplement (the "Settlement"), is fair, reasonable and in the best interests of Alta, its potential creditors and its shareholders.

NOW, THEREFORE, it is hereby ORDERED as follows:

1. The Allen Objections are overruled.

2. The Motion and the Supplement are GRANTED in their entirety. All aspects, components, terms and conditions of the Settlement including, but not limited to, the transfer of the Mining Claims, the Water Rights and the Power Line to Lake Mountain (all as defined in the Motion) are approved.

3. The Receiver is authorized to waive and release the claims and rights of ALTA as set forth in the Motion and the Supplement.

4. The Receiver is authorized to execute such documents that contain terms and conditions that are consistent with, but not necessarily identical to, the general terms and conditions highlighted in the Motion and the Supplement, and that may be necessary to fulfill Alta's obligations under the Settlement.

5. The Receiver is authorized to take all actions necessary to perform Alta's obligations under the Settlement.

DATED this 7 day of December, 2012.

_____
District Judge