UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALTA GOLD MINING CO., | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:13-cv-00311-RCJ-VPC |
| AERO-NAUTICAL LEASING CORP. et al., | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This shareholder derivative action arises out of the alleged issuance of stock without adequate consideration. A Motion to Remand (ECF No. 47), a Motion to Strike (ECF No. 46), and two Motions to Dismiss (ECF Nos. 9, 43) are pending before the Court. For the reasons given herein, the Court denies the motions.

I.   FACTS AND PROCEDURAL HISTORY

A Nevada state court appointed Angelique Clark as Receiver for Plaintiff Alta Gold Mining Co. (*See* Compl. ¶ 2, May 6, 2013, ECF No. 1-1). Prior to that appointment, and perhaps in the same action in which the state court appointed Clark, though not explicitly so alleged, Defendant Bradley Swahn, after having obtained 500 shares of stock in Plaintiff, requested and obtained his own appointment as Custodian for Plaintiff in February 2006. (*See id.* ¶¶ 8–9). Swahn immediately appointed Defendant Michael Anthony as "sole board member, President, Secretary[,] and Treasurer" of Plaintiff. (*Id.* ¶ 10). Anthony immediately authorized the issuance

of over 25 million shares of common stock to Defendant Century Capital Partners, LLC ("CCP") in order to compensate CCP and himself for services in locating a viable merger partner. (*Id.* ¶ 11). The Nevada Secretary of State administratively revoked Plaintiff's corporate status in 2008 due to delinquencies in corporate filings. (*Id.* ¶ 12). On or about August 31, 2012, CCP entered into a "Stock Purchase Agreement" with Defendant Aero-Nautical Leasing Corp. ("ANLC") under which ANLC purchased CCP's stock in Plaintiff for $150,000. (*Id.* ¶ 13).

Clark, as Receiver for Plaintiff, brought this action against ANLC, CCP, Anthony, and Swahn in state Court based upon the theory that the issuance of the shares to CCP and their subsequent transfer to ANLC were "sham transaction[s]," listing causes of action for declaratory relief and rescission. ANLC removed in diversity on June 11, 2013, although it alleged it had not yet been served. (*See* Notice of Removal ¶ 4, June 11, 2013, ECF No. 1). ANLC later acknowledged having been served on June 14, 2013 and noted that it was unaware of any other Defendants having been served as of June 11, 2013 when it removed. (*See* Statement of Removal, June 25, 2013, ECF No. 8). Plaintiff later filed a proof of service indicating service upon CCP on June 5, 2013. (*See* Return of Service, July 12, 2013, ECF No. 11). The parties noted in a Joint Status Report that not all served parties had consented to removal as of July 30, 2013, although the parties disagreed as to whether remand was appropriate. (*See* Joint Case Management Report ¶3, July 30, 2013, ECF No. 22). Anthony waived service. (*See* Return of Service, Aug. 6, 2013, ECF No. 26). The magistrate judge granted leave to serve Swahn by publication. (*See* Order, Aug. 8, 2013, ECF No. 27). CCP and Anthony consented to removal. (*See* Notice of Consent to Removal, Aug. 16, 2013, ECF No. 40).

ANLC included a Verified Derivative Shareholder Counterclaim with its Answer, listing nine causes of action against Clark both individually and in her capacity as Receiver, for: (1) Accounting; (2)–(3) Inspection of Books under Nevada Revised Statutes ("NRS") sections 78.105 and 78.257, respectively; (4) Demand for Shareholder Meeting pursuant to NRS section

78.347; (5) Removal of Receiver; (6) Breach of Fiduciary Duty; (7) "Ultra Vires"; (8) Breach of NRS sections 78.630 and 78.635; and (9) Breach of NRS section 78.347.[1] ANLC has moved to dismiss for failure to state a claim, and CCP and Anthony have separately moved to dismiss for failure to state a claim. Plaintiff has moved to remand for improper removal and to strike the Notice of Consent to Removal.

## II. LEGAL STANDARDS

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(1)–(2).

///

///

---

[1] The Court notes that Clark is immune from any claims arising out of her management of Plaintiff's affairs pursuant to judicially conferred authority, except where she may have acted in the clear absence of jurisdiction or outside the scope of her receivership duties. *See New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302–05 (9th Cir. 1989). Clark's immunity appears at first glance to encompass all of the present counterclaims. Absent a lack of jurisdiction or the alleged commission of torts clearly outside the realm of her receivership duties, grievances about Clark's performance as Receiver are properly brought before the court that appointed her, not in a separate action asking this Court to review Clark's quasi-judicial actions performed pursuant to her appointment by another court.

## III. ANALYSIS

### A. Removal and Remand

Plaintiff argues that the case was not timely removed because all Defendants did not join in the Notice of Removal or otherwise consent to removal within thirty days of being served. Although ANLC claims having been served on June 14, 2013—three days after it removed—Plaintiff attaches to the present motion proof of service upon ANLC as of June 4, 2013, seven days before it removed. (*See* Aff. of Service, June 5, 2013, ECF No. 47, at 12). Plaintiff also attaches proof of service upon CCP as of June 5, 2013. (*See* Aff. of Service, June 16, 2013, ECF No. 47, at 16). ANLC removed within thirty days of service on June 11, 2013, (*see* Notice of Removal), but CCP did not consent to removal until August 16, 2013, (*see* Notice of Consent to Removal).

CCP's time to remove, join in removal, or consent to removal ran on July 5, 2013, before it consented to removal. *See* 28 U.S.C. § 1446(b)(2)(B). The Court would therefore grant a timely motion to remand, but the present motion is simply untimely. *See id.* § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). Plaintiff filed the present motion on August 30, 2013, much more than thirty days after ANLC filed the Notice of Removal on June 11, 2013, and even more than thirty days after CCP's time to consent to removal ran. The motion is therefore untimely on the face of the statute. In this Circuit, a district court must consider a facially untimely § 1447(c) motion so long as the objecting plaintiff has brought the alleged removal defect to the Court's attention in some fashion within thirty days of removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). *Contra BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012). But Plaintiff cannot avail itself of the more lenient rule prevailing in this Circuit. Plaintiff signed the first Joint Status Report on July 12, 2013, over

thirty days after removal, acknowledging the removal and indicating that the only issue before the Court was ANLC's motion to dismiss.  Only in the July 30, 2013 Joint Case Management Report—filed well over thirty days after removal—did Plaintiff mention for the first time any potential defect in removal.  The Court therefore denies the motion to remand and the motion to strike the Notice of Consent to Removal.  Plaintiff provides no authority for its argument in reply that the untimely Notice of Consent to Removal "revived any waiver by Plaintiff."

Although the Court denies the motion for untimeliness, the Court rejects Defendants' argument that pre-judgment remand is not appropriate if a defect in removal is cured before judgment.  The seminal case addressing the issue is *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996).  In *Caterpillar*, the Supreme Court ruled that a judgment need not be vacated due to either jurisdictional or statutory removal defects so long as there is subject matter jurisdiction when the district court enters judgment.  *See id.* at 74–75.  "To wipe out the adjudication *postjudgment*, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice." *Id.* at 77 (emphasis added).  The *Caterpillar* line of cases does not stand for the proposition that a district court should, in the *pre-judgment* context, permit a defendant an unlimited time to "cure" a failure to adhere to § 1446's time limits.  The *Caterpillar* rule is a rule of finality the purpose of which is not served in the pre-judgment context and the application of which in the pre-judgment context would completely erase the statutory time limit to file a motion to remand.  The cases Defendants cite do not support a contrary result.  Courts of appeals excuse untimely removals under *Caterpillar* whenever they have occasion to review them because a district court's grant of remand in § 1441(a) removal cases is not reviewable, *see* 28 U.S.C. § 1447(d), and where a district court's denial of remand is challenged on appeal, the case is in a post-judgment posture, *see id.* § 1291, such that the finality concerns of *Caterpillar* control.  As the statutes are currently structured,

however, the courts of appeals will never have an opportunity to review a district court's application of § 1446(b)(2)(A) while a case is in a pre-judgment posture, as here, except on interlocutory review under § 1292(b), and the Court has not been able to locate any such cases. Nor will the Court certify the issue for interlocutory review, because the issue is not controlling (the motion to remand is untimely), there is no substantial ground for a difference of opinion, and interlocutory review would not materially advance the ultimate termination of the litigation. It is this last requirement which likely accounts for why the courts of appeals have not had (and will probably never have) the opportunity to examine the issue. It is difficult to imagine circumstances under which a nine-plus-month interlocutory appellate adjudication of the antecedent jurisdictional issue of which court (federal versus state) should proceed to determine the merits of a case would materially advance the ultimate termination of the case.

   The Court also rejects Defendants' argument that the requirement of unanimous consent to removal under § 1446(b)(2)(A) does not apply here because it applies only to cases removed solely under § 1441(a), and that the present case was removed under both § 1441(b) and § 1332(a) (and possibly also under § 1441(c)). That argument is specious.

   First, the case was necessarily removed pursuant to § 1441(a), not § 1441(b) or (c). Subsection (a) is the only subsection of the three providing that a case "may be removed." *See* 28 U.S.C. § 1441(a)–(c). Subsections (b) and (c) are not provisions "under" which a case can be removed separately from § 1441(a). Rather, they are rules ancillary to § 1441(a) concerning the citizenship of doe defendants for diversity purposes, the forum defendant rule, and the automatic severance and remand of claims over which the district court would have only supplemental jurisdiction had the case originally been filed in federal court. *See id.* § 1441(b)–(c). Subsections (b) and (c) of § 1441 have no application separate from removal under subsection (a).

   Second, if Defendants' argument were accepted, no case would require compliance with § 1446(b)(2)(A), because every case removed under § 1441(a) is necessarily removed "pursuant

to" both the removal statute itself (§ 1441(a)) plus some jurisdictional statute (such as § 1332(a)). That is because § 1441(a) permits removal when, and only when, the case could have been brought under the federal district court's original jurisdiction, e.g., under § 1332(a). When a party removes such a case, it sometimes states that the case is removed "pursuant to §§ 1441(a) and 1332(a)," for example. What the party means by this is that the case is removable pursuant to § 1441(a) based upon the fact that the court would have had original jurisdiction to hear the case under § 1332(a). When § 1446(b)(2)(A) speaks of cases removed "solely under section 1441(a)," it distinguishes between: (1) cases removed under § 1441(a); and (2) cases removed *under some other removal statute*, such as § 1442 or § 1443. Section 1446(b)(2)(A) does not, as Defendants appear to argue, attempt a putative distinction between: (1) cases removed under § 1441(a) with no independent jurisdictional basis; and (2) cases removed under § 1441(a) with an independent jurisdictional basis. There can be no such distinction, because by § 1441(a)'s own terms (not to mention the jurisdictional limitations under Article III of the Constitution) only the second class of cases are removable at all. *No* case could be removable to an inferior court of the United States "solely" under § 1441(a) if by "solely" Congress meant "having no independent statutory jurisdictional support."

**B.     Dismissal**

Several Defendants have filed motions to dismiss the Complaint. ANLC filed a motion to dismiss on July 9, 2013, which Plaintiff has opposed. Anthony and CCP filed a motion to dismiss on August 27, 2013, which Plaintiff has not opposed except to file a First Amended Complaint ("FAC"), and which movants have asked to withdraw in light of that amendment. Plaintiff filed the FAC within twenty-one (21) days of completing service of the Complaint upon Swahn by publication and therefore did not require leave to amend. *See* Fed. R. Civ. P. 15(a)(1). The Court will therefore deny the motions to dismiss the Complaint as moot.

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Strike (ECF No. 46) and the Motion to Remand (ECF No. 47) are DENIED.

IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 9, 43) are DENIED as moot.

IT IS SO ORDERED.

Dated this 15th day of October, 2013.

_____
ROBERT C. JONES
United States District Judge

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Strike (ECF No. 46) and the Motion to Remand (ECF No. 47) are DENIED.

IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 9, 43) are DENIED as moot.

IT IS SO ORDERED.

Dated this 15th day of October, 2013.

_____
ROBERT C. JONES
United States District Judge