UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALTA GOLD MINING CO., | ) | |
|         Plaintiff, | ) | |
| vs. | ) | 3:13-cv-00311-RCJ-VPC |
| AERO-NAUTICAL LEASING CORP. et al., | ) | **ORDER** |
|         Defendants. | ) | |

This shareholder derivative action arises out of the alleged issuance of stock without adequate consideration. A Motion to Abstain (ECF No. 62) and two Motions to Dismiss (ECF Nos. 65, 67) are pending before the Court. For the reasons given herein, the Court grants the motions.

**I.   FACTS AND PROCEDURAL HISTORY**

A Nevada state court appointed Angelique Clark as Receiver for Plaintiff Alta Gold Mining Co. ("Alta"). (*See* Compl. ¶ 2, May 6, 2013, ECF No. 1-1). Prior to that appointment, and perhaps in the same action in which the state court appointed Clark, though not explicitly so alleged, Defendant Bradley Swahn, after having obtained 500 shares of stock in Plaintiff, requested and obtained his own appointment as Custodian for Plaintiff in February 2006. (*See id.* ¶¶ 8–9). Swahn immediately appointed Defendant Michael Anthony as "sole board member, President, Secretary[,] and Treasurer" of Plaintiff. (*Id.* ¶ 10). Anthony immediately authorized

the issuance of over 25 million shares of common stock to Defendant Century Capital Partners, LLC ("CCP") in order to compensate CCP and himself for services in locating a viable merger partner. (*Id.* ¶ 11). The Nevada Secretary of State administratively revoked Plaintiff's corporate status in 2008 due to delinquencies in corporate filings. (*Id.* ¶ 12). On or about August 31, 2012, CCP entered into a "Stock Purchase Agreement" with Defendant Aero-Nautical Leasing Corp. ("ANLC") under which ANLC purchased CCP's stock in Plaintiff for $150,000. (*Id.* ¶ 13).

Clark, as Receiver for Plaintiff, brought this action against ANLC, CCP, Anthony, and Swahn in state Court based upon the theory that the issuance of the shares to CCP and their subsequent transfer to ANLC were "sham transaction[s]," listing causes of action for declaratory relief and rescission. ANLC removed in diversity on June 11, 2013, although it alleged it had not yet been served. (*See* Notice of Removal ¶ 4, June 11, 2013, ECF No. 1). ANLC later acknowledged having been served on June 14, 2013 and noted that it was unaware of any other Defendants having been served as of June 11, 2013 when it removed. (*See* Statement of Removal, June 25, 2013, ECF No. 8). Plaintiff later filed a proof of service indicating service upon CCP on June 5, 2013. (*See* Return of Service, July 12, 2013, ECF No. 11). The parties noted in a Joint Status Report that not all served parties had consented to removal as of July 30, 2013, although the parties disagreed as to whether remand was appropriate. (*See* Joint Case Management Report ¶ 3, July 30, 2013, ECF No. 22). Anthony waived service. (*See* Return of Service, Aug. 6, 2013, ECF No. 26). The magistrate judge granted leave to serve Swahn by publication. (*See* Order, Aug. 8, 2013, ECF No. 27). CCP and Anthony consented to removal. (*See* Notice of Consent to Removal, Aug. 16, 2013, ECF No. 40).

ANLC included a Verified Derivative Shareholder Countercomplaint with its Answer, listing nine causes of action against Clark both individually and in her capacity as Receiver, for: (1) Accounting; (2)–(3) Inspection of Books under Nevada Revised Statutes ("NRS") sections 78.105 and 78.257, respectively; (4) Demand for Shareholder Meeting pursuant to NRS section

78.347; (5) Removal of Receiver; (6) Breach of Fiduciary Duty; (7) "Ultra Vires"; (8) Breach of NRS sections 78.630 and 78.635; and (9) Breach of NRS section 78.347.  Plaintiff moved to remand for improper removal and to strike the Notice of Consent to Removal.  The Court denied the motion to remand as untimely filed.  ANLC moved to dismiss for failure to state a claim, and CCP and Anthony separately moved to dismiss for failure to state a claim.  The Court denied those motions as moot, because Plaintiff had timely filed the First Amended Complaint ("FAC") as of right.  The FAC lists six nominal causes of action: (1) "Fraud in the Issuance of the Disputed Stock"; (2) Conspiracy to Commit Fraud; (3) Breach of Fiduciary Duty; (4) Constructive Fraud; (5) Aiding and Abetting Fraud; and (6) Declaratory Relief.  Plaintiff has now asked the Court to abstain from determining the counterclaims, ANLC has moved to dismiss the FAC, and Anthony and CCP have separately moved to dismiss the FAC.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified, assuming the facts are as he alleges (*Twombly-Iqbal* review).

  "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

///

## III.     ANALYSIS

The Court previously noted in passing that Clark was immune from any claims arising out of her management of Plaintiff's affairs pursuant to judicially conferred authority, except where she may have acted in the clear absence of jurisdiction or outside the scope of her receivership duties. *See New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302–05 (9th Cir. 1989). Clark's immunity appeared at first glance to encompass all of the present counterclaims, and the Court is now certain that it does. The Court therefore will not simply abstain from determining the counterclaims against Clark, but will dismiss them outright. ANLC presumably remains free to complain to the state court judge supervising Plaintiff that she should be removed as receiver or her actions reversed, but quasi-judicial immunity shields her absolutely from any independent civil claim based upon her performance of receivership duties. *See id.* Defendants also remain free to request leave to bring counterclaims in this Court against Clark for acts outside the scope of her receivership duties, e.g., conversion or defamation. *See id.* at 1304–05.

Next, Defendants have moved to dismiss the FAC for failure to state a claim. According to the FAC, Alta owned several mining properties in Nevada prior to filing for Chapter 11 bankruptcy protection in this District in 1999. (*See* First Am. Compl. ¶¶ 13–15, Sept. 16, 2013, ECF No. 53). The bankruptcy action was dismissed in 2000 when Alta's counsel notified the Bankruptcy Court that Alta had ceased operations and had no more employees, officers, or directors. (*Id.* ¶ 16). The Nevada Secretary of State revoked Alta's corporate charter in June 2003. (*Id.* ¶ 17). Over two years later, in November 2005, Swahn filed a complaint in the Eighth Judicial District Court to be appointed as custodian of Alta pursuant to Nevada Revised Statutes ("NRS") section 78.347(1)(a), a remedy the state district court gave him in February 2006. (*Id.* ¶ 19).[1] Plaintiff alleges that when Swahn filed the custodianship action, he alleged that he owned

---

[1] It is not clear why the state court granted this relief as to a revoked corporation, especially after the corporation no longer even had standing to sue or be sued under state law.

500 shares of Alta stock, but he was not in fact a record shareholder. (*See id.* ¶ 30). As the Court has noted, the situation is even odder than that. Alta simply did not exist as a legal entity when the custodianship action was filed, and it did not even any longer have residual statutory standing to sue or be sued. Neither Swahn nor anyone else was in fact a "shareholder" of the non-existent corporation at that stage. They were simply former shareholders with potential breach of fiduciary duty claims against the previous officers and directors who allowed or caused Alta's charter to be revoked.

Two weeks after being appointed "custodian" of the non-existent corporation by the state district court, Swahn appointed Anthony as the sole "officer" and "director." (*Id.* ¶ 34). The same day he was appointed, Anthony purported to issue 25,304,492 shares of Alta stock (the "Disputed Stock") to CCP, a Florida limited liability company of which Swahn and Anthony were principals, and there is no record in the custodianship action of what, if any, consideration was given therefor. (*Id.* ¶¶ 10, 37–39). The Court again notes that the defunct Alta corporation had no power to issue stock, or take any action at all as a corporation, at this time. But again, because the acts were taken pursuant to quasi-judicial authority conferred by the state district court, this Court cannot issue a declaration purporting to void or otherwise remedy those actions no matter how firmly it is convinced that the state district court should have declined jurisdiction over the action to appoint a custodian for a defunct corporation or how firmly it is convinced that the actions of the custodian would have been wrongful if engaged in by a regular officer or director as opposed to a court-appointed custodian or receiver. Plaintiff must file a Rule 60(b) or other appropriate motion in the court that appointed Swahn and supervised his actions if she seeks such relief. The FAC then goes on to list alleged fiduciary breaches and other malfeasance of Defendants with respect to the Alta custodianship. (*See id.* ¶¶ 41–74). One critical allegation

---

The Court notes that Plaintiff may presumably ask the appointing court to void any actions by the custodian pursuant to Nevada Rule of Civil Procedure 60(b).

in this portion of the FAC is that "The Custodianship Action was nothing more than a sham proceeding . . . ." (*Id.* ¶ 45). This allegation reveals that the gravamen of the present action is Swahn's alleged malfeasance as a court-appointed custodian. For the same reason Clark is not amenable to counterclaims, Defendants are not amenable to Plaintiffs claims, which all arise out of Swahn's actions as a court-appointed custodian. *See New Alaska Dev. Corp.*, 869 F.2d at 1302–05. The Court therefore grants the motions to dismiss. Plaintiff must seek a remedy from the state court that appointed Swahn or from the court that appointed her.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Abstain (ECF No. 62) is GRANTED IN PART. The counterclaims are DISMISSED.

IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 65, 67) are GRANTED.

IT IS FURTHER ORDERED that the Motion for Discovery (ECF No. 85) is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 1st day of November, 2013.

_____
ROBERT C. JONES
United States District Judge